UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE MCKELLER,

    Petitioner,

v.

Case No. 06-13469

Honorable Patrick J. Duggan

ANDREW JACKSON,

    Respondent.
_____/

# OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 3, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Terrance McKeller ("Petitioner"), who is presently confined at the Mound Correctional Facility in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction of two counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b, and one count of second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c.

## I.   Background

Petitioner was convicted following a jury trial in the Genesee County Circuit Court.

Petitioner appealed by right to the Michigan Court of Appeals, raising what now form his first, second, third, and fourth claims. While his appeal was pending, Petitioner filed a motion to remand to the trial court for a *Ginther*[1] hearing on a claim that his trial counsel was ineffective for failing to move for discovery of the rape kit and for failing to seek an independent DNA examination. This claim is now part of Petitioner's eighth claim. The Michigan Court of Appeals denied Petitioner's motion to remand. *People v. McKeller*, No. 238555 (Mich. Ct. App. April 21, 2003). The Michigan Court of Appeals ultimately affirmed Petitioner's conviction. *People v. McKeller*, No. 238555 (Mich. Ct. App. June 17, 2003). Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected on February 27, 2004, because it was filed more than fifty-six days after the Michigan Court of Appeals had affirmed his conviction. (*See* Doc. No. 10, Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court, dated December 7, 2006 (hereinafter "Davis Aff.").)

Petitioner then filed a post-conviction motion for relief from judgment. Petitioner again raised the issue of counsel's ineffectiveness in failing to obtain discovery of the rape kit and seek an independent DNA examination. The trial court rejected this claim pursuant to Rule 6.508(D)(2) of the Michigan Court Rules, on the ground that this issue had already been raised on Petitioner's direct appeal. Petitioner also raised in his post-conviction motion what form his fourth, fifth, sixth, seventh, ninth, and tenth claims, as well as the remainder of his eighth claim involving counsel's alleged ineffectiveness in

---

[1]*People v. Ginther*, 390 Mich. 436, 212 N.W. 2d 922 (1973).

failing to object to prosecutorial misconduct. The trial court denied these claims, finding that Petitioner had failed to establish cause and prejudice, as required by MICH. CT. R. 6.508(D)(3), for failing to raise these claims on his appeal of right. *People v. McKeller*, No. 01-7978-FC (Genesee County Circuit Court, May 14, 2004). The Michigan appellate courts also denied Petitioner relief pursuant to MICH. CT. R. 6.508(D). *People v. McKeller*, No. 262394 (Mich. Ct. App. Jan. 6, 2006), *lv. den.* 475 Mich. 869, 714 N.W.2d 315 (May 30, 2006).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

    I.    The trial court reversibly erred in denying the petitioner's pre-trial motion to quash the information.

    II.    The trial court reversibly erred in denying the petitioner's pre-trial motion to suppress the second statement he allegedly made to the police.

    III.    The trial court violated the U.S. and Michigan Constitutions in sentencing the petitioner to a prison term of 22½-50 years on the habitual offender 3rd supplement arising out of the two CSC I convictions and in sentencing him to a prison term of 10-30 years on the habitual offender 3rd supplement arising out of the CSC II conviction.

    IV.    The trial court reversibly erred in failing to give at sentencing the advice-of-rights required by MCL 769.34(7).

    V.    The petitioner was denied due process of law due to the violation of Amend. IV of U.S. Const. (by a delay in arraignment).

    VI.    The petitioner was denied state and federal constitutional rights to due process and fair trial due to

prosecutor's violation of U.S. Const. Amend. XIV.

VII. The trial court failed to properly instruct the jury that their verdict must be unanimous with regards to each separate offense.

VIII. Petitioner was denied the effective assistance of [trial] counsel.

IX. Petitioner was denied a fair trial due to the cumulative effect of the prejudicial errors during trial. U.S. Const. Amend. V, XIV.

X. Petitioner was constitutionally denied the effective assistance of appellate counsel.

Respondent has filed an answer in opposition to the petition for writ of habeas corpus, which the Court will construe as a motion to dismiss on the basis that the claims are barred by procedural default.

## II. Applicable Law and Analysis

### A. Procedural Default Generally

In his answer in opposition to the petition for writ of habeas corpus, Respondent contends that Petitioner's claims are procedurally defaulted. It is well-established that "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991).

In determining whether a claim is procedurally defaulted, the Sixth Circuit employs

a four-part inquiry asking whether:

> (1) a state procedural rule exists that applies to the petitioner's claim, (2) the petitioner failed to comply with the rule, (3) the state court actually applied the state rule in rejecting the petitioner's claim, and (4) the state procedural rule is an adequate and independent ground upon which the state can rely to deny relief.

*Frazier v. Huffman*, 343 F.3d 780, 790 (6th Cir. 2003)(citing *Reynolds v. Berry*, 146 F.3d 345, 347 (6th Cir. 1998)).

**B.     Application to the Present Petition**

Respondent contends that Petitioner is barred from raising his first, second, third, and fourth claims on the grounds of procedural default.  More specifically, Respondent argues that Petitioner is barred from raising his first, second, third, and fourth claims because he failed to timely file an application for review of his conviction with the Michigan Supreme Court.  Respondent also argues that Petitioner is barred from raising his fifth, sixth, seventh, eighth, ninth, and tenth claims on the grounds of procedural default because Petitioner raised these claims for the first time in his post-conviction motion for relief from judgment.

All four prongs of the procedural default test are satisfied with respect to what now are the first four claims of Petitioner's habeas petition.  Under Michigan Court Rule 7.302(C)(3), Petitioner had fifty-six days to file a delayed application for leave to appeal with the Michigan Supreme Court.  *See* MICH. CT. R. 7.302(C).  The Michigan Court of Appeals affirmed Petitioner's conviction on June 17, 2003.  Pursuant to Rule 7.302(C) of the Michigan Court Rules, Petitioner had fifty-six days, or until August 12, 2003, to file

an application for leave to appeal with the Michigan Supreme Court. The Michigan Supreme Court rejected Petitioner's application for leave to appeal pursuant to Rule 7.302(C)(3) of the Michigan Court Rules because it was received on February 27, 2004, beyond the fifty-six day time period. (*See* Davis Aff.) Finally, the procedural bar set forth in Rule 7.302(C)(2)-(3) constitutes an adequate and independent state ground on which the Michigan Supreme Court may rely to foreclose review of federal claims. *See, e.g., Bell v. Smith*, 114 F. Supp. 2d 633, 637 (E.D. Mich. 2000)(holding that a habeas petitioner procedurally defaulted claims that he failed to timely present to the Michigan Supreme Court). Therefore, Petitioner has procedurally defaulted his first, second, third, and fourth claims.

With respect to Petitioner's fifth, sixth, seventh, ninth, and tenth claims, Respondent argues that Petitioner is procedurally barred from raising these claims because he raised these claims for the first time in a motion for post-conviction relief when he could have raised them on direct appeal. Again, all four prongs of the procedural default inquiry are satisfied with respect to these claims. Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if a motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for failure to raise such grounds previously and actual prejudice resulting therefrom. MICH. CT. R. 6.508(D). In denying Petitioner's motion for relief from judgment, the Genesee County Circuit Court held that Petitioner was procedurally barred from raising what are now his fifth, sixth, seventh, ninth, and tenth claims because he could have raised these claims in his appeal of right and failed to do so. The Michigan

appellate courts denied Petitioner's motion for relief from judgment for the same reason. Finally, "[i]t is well-established in [the Sixth Circuit] that the procedural bar set forth in Rule 6.508(D) constitutes an adequate and independent state ground on which the Michigan Supreme Court may rely in foreclosing review of federal claims." *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005)(citations omitted). Therefore, Petitioner has procedurally defaulted what are now his fifth, sixth, seventh, ninth, and tenth claims.

Finally, the Court will address Petitioner's eighth claim, which asserts that his trial counsel was ineffective for two separate reasons. First, Petitioner contends that his trial counsel was ineffective for failing to move for discovery of a rape kit and for an independent examination of any DNA evidence taken from the victim. Second, Petitioner argues that his trial counsel was ineffective for failing to object to the prosecutor's improper comments during closing arguments. Respondent, without separating the two reasons Petitioner contends his trial counsel was ineffective, argues that Petitioner's eighth claim is procedurally defaulted because it was raised on the first time in his post-conviction motion for relief from judgment when it could have been raised in his direct appeal.

Respondent is correct in arguing that Petitioner procedurally defaulted his second asserted reason for his ineffective assistance of trial counsel claim by raising it for the first time in his motion for relief from judgment and failing raise it in his direct appeal. As the Court held above with respect to Petitioner's fifth, sixth, seventh, ninth, and tenth claims, the Michigan courts clearly invoked Michigan Court Rule 6.508(D)(3) as a procedural bar to what is now the second reason Petitioner contends trial counsel was

7

ineffective in his eighth claim. *See supra.*

Petitioner's first asserted reason for his claim that his trial counsel was ineffective was raised in a motion to remand for a *Ginther* hearing. Thus, Respondent is incorrect in arguing that this portion of Petitioner's eighth claim was procedurally defaulted because it was raised on the first time in his post-conviction motion for relief from judgment. Nonetheless, Petitioner procedurally defaulted this asserted reason for ineffective assistance of counsel when he failed to timely seek review from the Michigan Supreme Court. *See supra.*

### C. "Cause" and Miscarriage of Justice Exception

"A procedurally defaulted claim may be considered in federal habeas corpus proceedings only if the petitioner either shows 'cause' for his failure to comply with the state's procedural rules and 'prejudice' resulting from the alleged violation of federal law or shows that the federal court's refusal to consider the claim will result in a fundamental miscarriage of justice." *Thomas v. Yukins*, 374 F.3d 383, 387 (6th Cir. 2004). If the prisoner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533, 106 S. Ct. 2661, 2666 (1986). "[I]n an extraordinary case," however, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649 (1986). To be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298,

324, 115 S. Ct. 851, 866 (1995). Moreover, actual innocence which would permit collateral review of a procedurally defaulted claim means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998).

With respect to his first four claims, as well as the portion of his eighth claim that was raised in his direct appeal, Petitioner has offered no excuse for his failure to file a timely application for leave to appeal. To the extent that Petitioner contends that his appellate counsel agreed to submit an application for leave to appeal to the Michigan Supreme Court, nothing in the record supports Petitioner's contention that he had such an agreement with his appointed appellate counsel. Moreover, criminal appeals to the Michigan Supreme Court are discretionary, *see* MICH. COMP. LAWS § 770.3(6), and "a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals . . . ." *Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S. Ct. 1300, 1301 (1982). Because there is no constitutional right to the effective assistance of counsel on discretionary appeal, Petitioner cannot claim that his appellate counsel was ineffective for failing to file an application for leave to appeal with the Michigan Supreme Court. *Id.*; *see also Harris v. Stegall*, 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001). Therefore, Petitioner has not established "cause" for his failure to comply with the state's procedural rules for his first four claims and the portion of his eighth claim that was raised in his direct appeal.

With respect to Petitioner's remaining claims, which Petitioner raised for the first time in his motion for post-conviction relief, Petitioner has failed to offer any excuse for

failing to raise these claims in his direct appeal. To the extent that Petitioner argues ineffective assistance of appellate counsel as cause to excuse his procedural default, such an argument is unavailing. Ineffective assistance of appellate counsel "may constitute cause for procedural default, but only if it is constitutionally ineffective under the standard established in" *Strickland v. Washington*, 466 U.S. 668, 106 S. Ct. 2639 (1984). Nonetheless, it is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983). Indeed, "the process of 'winnowing out weaker arguments on appeal' is the 'hallmark of effective appellate advocacy.'" *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002)(quoting *Smith v. Murray*, 477 U.S. 527, 536, 106 S. Ct. 2661, 2667 (1986)). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986). "An appellate advocate may deliver deficient performance and prejudice a defendant by omitting a 'dead-bang winner,' even though counsel may have presented strong but unsuccessful claim on appeal." *United States v. Cook*, 45 F.3d 388, 395 (10th Cir. 1995)(citing *Page v. United States*, 884 F.2d 300, 302 (7th Cir. 1989)). A "dead-bang winner" "is an issue which was obvious from the trial record, *see, e.g., Matire v. Wainwright*, 811 F.2d 1430, 1438 (11th Cir. 1987)(counsel's failure to raise issue which 'was obvious on the record, and must have leaped out upon even a causal reading of [the] transcript' was deficient performance), *and* one which would have resulted in a reversal on appeal." *Cook*, 45 F.3d at 395 (emphasis in original).

Petitioner has failed to show that by omitting his fifth, sixth, seventh, ninth, and the remainder of his eighth claim, his appellate counsel's performance fell outside the range of professionally competent assistance. Petitioner's appellate counsel filed a thirty-two page appellate brief which raised four separate claims on direct appeal. Petitioner's appellate counsel also filed a motion to remand to the trial court for an evidentiary hearing on Petitioner's claim that trial counsel was ineffective for failing to move for discovery of the rape kit or for an independent DNA examination. (*See* Doc. No. 9.) Petitioner has not shown that his appellate counsel's decision in presenting such claims and not raising other claims was deficient or unreasonable. Moreover, this Court does not believe that any of the claims Petitioner raised in his motion for post-conviction relief were "dead bang winners." Consequently, Petitioner has failed to establish "cause" for his failure to raise his fifth, sixth, seventh, ninth, and the remainder of his eighth claim on direct review.

Because Petitioner has failed to demonstrate any "cause" for his procedural default, this Court does not reach the "prejudice" issue. *Smith*, 477 U.S. at 533, 106 S. Ct. at 2666. Furthermore, because Petitioner has not presented any new reliable evidence that he is innocent of the crimes he was convicted of, a miscarriage of justice will not occur as a result of this Court's failure to adjudicate the merits of Petitioner's claims. *See Sanders v. McKee*, 276 F. Supp. 2d 691, 699 (E.D. Mich. 2003). Consequently, Petitioner's claims are barred by procedural default and do not warrant habeas relief.

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Terrance McKeller
#258591
Mound Correctional Facility
17601 Mound Road
Detroit, MI 48212

Debra M. Gagliardi, AAG